STAN S. MALLISON (Bar No. 184191)
StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
HectorM@TheMMLawFirm.com
CODY A. BOLCE (Bar No. 322725)
CBolce@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiff and a Class of Similarly Situated Employees

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

GILMA ELIZABETH LARA, on behalf of herself, and those similarly situated,

Plaintiff,

vs.

SAFEWAY INC., and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:25-cv-07505-AMO

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Provide Rest Periods or Pay Additional Wages in Lieu Thereof;
2. Failure to Provide Meal Periods or Pay Additional Wages in Lieu Thereof;
3. Failure to Pay Minimum Wages;
4. Waiting Time Penalties;
5. Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions;
6. Violation of the Unfair Competition Law, California Business & Professions Code §§17200 *et seq*.; and
7. Penalties under California Labor Code §§ 2699 *et seq*.

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiff Gilma Elizabeth Lara ("Plaintiff") brings this action against Defendant Safeway Inc. and Does 1-50 ("Defendants") individually and on behalf of all other similarly situated individuals employed under common circumstances and facts. The allegations made in this Complaint are based on Plaintiff's knowledge, except those allegations made on information and belief, which are based on the investigation of her counsel.

2. Plaintiff brings this class action on behalf of a class of workers currently or formerly employed by Defendants in California. Plaintiff seeks to vindicate the rights afforded to workers under California law, including the California Labor Code and Wage Orders, and California's Unfair Competition Law ("UCL").

3. This action arises out of Defendant's failure to pay non-exempt employees all wages it owed them by failing to provide rest periods or pay premium wages in lieu thereof, failing to provide meal periods or pay premium wages in lieu thereof, and failing to pay minimum wages for all hours worked. As a result, Defendants failed to pay non-exempt employees, including Plaintiff and the Class, all wages owed to them upon discharge (including seasonal layoffs) or resignation and failed to provide accurate, itemized wage statements in conformance with California law.

4. Defendants employed Plaintiff and the Class directly.

5. Plaintiff is informed and believes and thereon alleges that each Defendant is responsible in some manner for the occurrences herein alleged, and that the damages herein alleged were actually and proximately caused by each Defendant's conduct.

6. Plaintiff was employed by Defendants as a non-exempt employee in San Mateo County.

7. The core violations Plaintiff alleges against Defendants for herself and the Class are: (1) failure to provide rest periods or provide premium wages in lieu thereof; (2) failure to provide meal periods or provide premium wages in lieu thereof; (3) failure to pay minimum

wage for all hours worked; (4) failure to pay all wages owed upon separation; (5) failure to provide accurate, itemized wage statements; and (6) violation of the UCL.

8. Defendants have refused to pay all wages due and owed to Plaintiff and Class Members under the express provisions of the California Labor Code, which, in turn, resulted in additional Labor Code violations entitling Plaintiff and the Class to prompt payment of wages and penalties.

9. Plaintiff, for herself and the Class, also seek injunctive relief requiring Defendants to comply with all applicable California labor laws and regulations in the future and preventing Defendants from engaging in and continuing to engage in unlawful and unfair business practices. Plaintiff also seeks declaratory relief enumerating Defendants' violations so Defendants and the public have clarity and guidance with regards to Defendants' future employment practices.

## PARTIES

10. Plaintiff is a resident of San Mateo County, California. At all relevant times herein, she has been employed directly or jointly by Defendants, as an employee in California, and has been employed by Defendants as a non-exempt employee. Plaintiff was hired by Defendants to work in California. During the relevant time period, Plaintiff worked for Defendants in California, performing services covered by an applicable Wage Order during the Class Period. Plaintiff suffered injury in fact and loss of property because of Defendants' conduct described in this Complaint.

11. Plaintiff and the employees whom Plaintiff seeks to represent were regularly subjected to, or had personal knowledge of, the violations described in this Complaint.

12. The following allegations as to Defendants are made on information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

13. At all times relevant, Defendant Safeway Inc., was a Delaware Corporation with a principal place of business in Alameda County. On information and belief, Defendant Safeway Inc. has thousands of employees. At the core of Defendant Safeway Inc.'s violations are: systematic failure to keep accurate time and payroll records; failure to pay minimum wages; refusing to provide proper meal or rest periods or to provide premium wages in lieu thereof; failing to provide accurate wage statements; and failing to pay all wages owed upon separation from employment.

14. The acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, and/or integrated enterprise, at the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved of, and/or ratified the unlawful acts and omissions by the other Defendant complained of herein.

## JURISDICTION AND VENUE

15. Plaintiff's claims as alleged herein arise exclusively under California law, including the California Labor Code, the applicable Industrial Welfare Commission Wage Orders, and the California Business and Professions Code.

16. This pleading does not allege any cause of action arising under the Constitution, laws, or treaties of the United States. No claim seeks to enforce or requires interpretation of a collective-bargaining agreement. Accordingly, this Court lacks original subject-matter jurisdiction under 28 U.S.C. § 1331, and Plaintiff intends to seek remand to state court under 28 U.S.C. § 1447(c).

17. Venue is proper in this District only to the extent Defendant removed this matter from the Superior Court of California, County of Alameda. Upon remand, venue will remain proper in that court under California Code of Civil Procedure section 395.

## FACTUAL ALLEGATIONS

18. This is a Class Action pursuant to Section 382 of the California Code of Civil Procedure to vindicate the rights afforded the Class by California Labor Code §§ 201, 202, 203, 204, 210, 214, 216, 218, 218.5, 218.6, 221, 226, 226.3, 226.7, 512, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1199, and California Business & Professions Code §§ 17200 *et seq*. and is brought on behalf of Plaintiff and a Class comprised of all current and former non-exempt employees of Defendants. The claims of this lawsuit spring from a pattern of Defendants' misconduct and wrongdoing that is a characteristic of the labor system Defendants utilize, where unpaid and improperly paid labor, as alleged herein, is a common business practice, and where the employer externalizes the cost of business expenditures upon Defendants' employees. Defendants' actions in this case demonstrate a systematic disregard for the rights afforded to Plaintiff and the Class under California wage and hour law. The following paragraphs detail specific violations of law giving rise to this action.

19. For at least four years prior to the filing of this action and through to the present (liability period for the UCL cause of action), Defendants have maintained and enforced against Plaintiff and the Class the following unlawful practices and policies in violation of California wage and hour laws, including but not limited to:

a. Requiring Class Members, including Plaintiff, to work at least five (5) hours without a timely, thirty-minute, uninterrupted meal period, and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the meal period was not provided, in violation of California law and policy;

b. Failing to provide rest periods of at least ten consecutive minutes for each four hours worked;

c. Failing to pay minimum wages to Plaintiff and Class Members;

d. Failing to provide Class Members, including Plaintiff, with accurate itemized wage statements in violation of California law and public policy;

e. Failing to pay to Class Members, including Plaintiff, all wages owed, as detailed above upon separation from employment – whether voluntary or not – in violation of California law and policy;

f. Failing to create or maintain accurate time-keeping records for Class Members, including Plaintiff, resulting in failure to accurately pay wages owed and provide accurate itemized wage statements, in violation of California law and public policy; and

g. Engaging in unfair competition in violation of the UCL, Bus. & Prof. §§17200 *et seq*., as a result of failing to pay wages owed and generate and maintain accurate records as described above.

20. Defendants failed to compensate for all "hours worked" within the meaning of the applicable IWC Wage Order. This includes, but is not limited to, regular hours worked that were not compensated at minimum rates. By their conduct, Defendants make clear they are intentionally and maliciously subverting California minimum wage requirements, resulting in loss of property to Plaintiff and the Class as a result of Defendants' payroll policies.

21. Under the timekeeping and record-keeping policies, Defendants willfully provided inaccurate itemized wage statements that do not reflect all "hours worked" and wages earned. Further, Defendants also failed to provide premium wages in lieu of providing compliant meal and rest periods. As such, Defendants failed to maintain accurate time-keeping record and wage statements.

22. Under their meal period policies, Defendants failed to provide employees: (a) at least one (1) meal period prior to the fifth hour and/or two (2) meal periods for shifts greater than ten hours, (b) net thirty-minute meal periods, and/or (c) timely meal periods. Further, Defendants' policy is to not pay the premium wages owed to workers for missed, incomplete, and/or untimely meal periods.

23. Under their rest period policy, Defendants failed to provide ten minutes of uninterrupted rest and recovery time for each four hours worked.

24. Defendants' failure to compensate non-exempt employees for all "hours worked," failure to authorize and permit requisite meal and rest periods and failure to pay premium meal and rest period wages, failure to pay for all hours worked at the minimum rate, and failure to pay wages at termination in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

25. On information and belief, Defendants were on notice of the improprieties alleged and/or have intentionally, deliberately, and willfully carried out these unlawful and unfair business practices.

26. Defendants have made it difficult to account with precision for the unlawfully withheld wages due to Plaintiff and the Class during all relevant times herein, because Defendants did not fully implement and preserve a record-keeping method to accurately record all hours worked and wages earned by their employees, or manipulated such record-keeping method for Defendants' advantage, in violation of California Labor Code §§ 226 and 1174(d), and applicable IWC Wage Orders.

27. Defendants failed to comply with California Labor Code § 226(a) by failing to itemize in wage statements all wages earned and by failing to accurately report total hours worked by Plaintiff and members of the proposed Class. Plaintiff and Class Members are therefore entitled to statutory penalties up to $4,000 per employee pursuant to Labor Code § 226(e).

28. Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in litigation and the proposed class is easily ascertainable. Plaintiff seeks to represent the following Class, composed of, and defined, as follows:

> All non-exempt workers who are or have been employed by Defendants in the State of California at any time within four (4) years prior to the filing of the original complaint in this action and the final disposition of this action.

29. On information and belief, the legal and factual issues are common to and affect all Class Members. Plaintiff may amend the above class definition as permitted or required by this Court.

## NUMEROSITY

30. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes Defendants have employed dozens of employees in the State of California. These employees have been affected by Defendants' unlawful practices as alleged herein.

31. Upon information and belief, Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

## COMMONALITY

32. There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a. Whether Defendants violated §§ 17200 *et seq*. of the Business and Professions Code by the violation of California labor laws;

b. Whether Defendants violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

c. Whether Defendants violated the California Labor Code and Wage Orders by compensating Plaintiff and other Class Members at hourly wage rates below the minimum wage rate;

d. Whether Defendants violated the California Labor Code and Wage Orders by failing to provide lawful meal and rest periods or discouraging Plaintiff and Class Members from taking them and failing to pay premium wages in lieu thereof, in violation of California law;

e. Whether Defendants violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of Plaintiff and other Class Members' earned wages, work periods, hours worked, and wages earned;

f. Whether Defendants violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any Class Members, including Plaintiff, ended; and

g. Whether Plaintiff and other Class Members are entitled to restitution, wages, statutory penalties, premium wages, declaratory and injunctive relief, attorneys' fees, interest, and costs, and other relief pursuant to the California Labor Code, applicable Wage Orders, and the UCL.

**TYPICALITY**

33. The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of, and were caused by, Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**ADEQUACY OF REPRESENTATION**

34. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represent Plaintiff is competent and experienced in litigating large employment class actions.

**SUPERIORITY OF CLASS ACTION**

35. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies as described herein.

36. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely individual Class Members have any interest in individually controlling separate actions in this case. Class Members' lack of knowledge of the legal system and limited economic resources would deprive most Class Members of the practical opportunity to pursue their claims were this class action not certified.

37. Plaintiff is unaware of any difficulties likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action.

Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
REST PERIOD VIOLATIONS
(CAL. LAB. CODE § 226.7 AND APPLICABLE IWC WAGE ORDERS)
PLAINTIFF AGAINST ALL DEFENDANTS

38. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

39. Plaintiff alleges Defendants failed to provide proper rest periods.

40. Defendants failed to authorize and permit rest periods by failing to provide the requisite number of breaks per shift and/or to allow net 10 minutes of rest, in violation of the applicable Wage Orders and Labor Code § 226.7.

41. Rest periods were not voluntarily waived. Any express or implied waivers obtained from Plaintiff and, on information and belief, current and former employees and members of the Class, were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of an unlawful contract of adhesion.

42. Defendants failed to pay additional wages for rest periods that were not provided. Plaintiff and the Class are entitled to premium rest period wages pursuant to Labor Code § 226.7.

43. Wherefore, Plaintiff and the Class she seeks to represent are entitled to recover the full amount of their unpaid rest period wages and all related penalties and remedies.

### SECOND CLAIM FOR RELIEF
**FAILURE TO PROVIDE PROPER MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**
(CAL. LAB. CODE §§ 226.7, 512, & APPLICABLE IWC WAGE ORDERS)
PLAINTIFF AGAINST ALL DEFENDANTS

44. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

45. Plaintiff and, on information and belief, the Class were not afforded timely meal periods as required by California law, since they were routinely required to work five hours or

more without a timely, thirty minute, uninterrupted meal period, and they were not compensated for missed meal periods.

46. California Labor Code §226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

47. The applicable wage order issued by the Industrial Welfare Commission provides with regards to meal periods:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.
>
> (B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

48. California Labor Code § 512 contains a similar provision. In this case, there was no mutual waiver of meal periods and employees worked for periods of more than five hours without an off-duty meal period of at least 30 minutes. As noted above, Defendants violated California law by failing to provide timely meal periods mandated by Labor Code § 226.7 and the applicable IWC Wage Order. As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

49. As noted above, Defendants violated California law by failing to provide meal periods mandated by Labor Code § 226.7 and the applicable IWC Wage Order, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that the meal period was not provided.

50. Plaintiff and the Class did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiff and the Class were not willfully obtained or voluntarily agreed to, but rather were a condition of employment or part of an unlawful contract of adhesion.

51. By failing to keep adequate time records required by §§ 226 and 1174(d) of the Labor Code, Defendants have injured Plaintiff and the Class and made it difficult to calculate the unpaid meal period compensation due to Plaintiff and the Class.

52. As a result of the unlawful acts of Defendants, Plaintiff and the Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and applicable IWC Wage Orders.

53. Wherefore, Plaintiff and the Class request relief as described herein and below.

## THIRD CLAIM FOR RELIEF
## FAILURE TO PAY MINIMUM WAGES
(CAL. LAB. CODE §§ 1194, 1194.2, 1197(A) & APPLICABLE IWC WAGE ORDERS)
PLAINTIFF AGAINST ALL DEFENDANTS

54. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

55. California Labor Code § 1197, which is entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

56. Defendants have failed to pay minimum wages for all hours worked. In particular, Defendants failed to accurately record all hours worked by Plaintiff and the Class. Plaintiff and

the Class are not compensated for this time. Plaintiff and the Class are consequently not paid for all hours worked. These practices, among others, have resulted in Defendants not paying the minimum wage for all hours worked. This violation of California minimum wage law was substantial and a main feature of Defendants' employment practices.

57. The Minimum Wage provisions of the California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

58. As such, Plaintiff and the Class may bring this action for minimum wages, interest, costs of suit, and attorney's fees pursuant to California Labor Code § 1194(a).

59. As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

60. California Labor Code § 1194.2 provides:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

61. As described herein, this is an action under California Labor Code § 1194 to recover wages on account of Defendants' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and the applicable IWC Wage Order. Therefore, Plaintiff and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

62. Wherefore, Plaintiff and the Class request relief as described herein and below.

**FOURTH CLAIM FOR RELIEF**
**WAITING TIME PENALTIES**
(CAL. LAB. CODE §§ 201, 202, & 203)
PLAINTIFF AGAINST ALL DEFENDANTS

63. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

64. California Labor Code §§ 201 and 202 provide for immediate payment of all wages owed at termination of employment.

65. As described above, Defendants failed to pay minimum wages and meal/rest period premium wages. Defendants have failed to liquidate these unpaid wages upon separation from employment, whether through voluntary resignation or involuntary termination, in violation of California law.

66. Defendants have violated California Labor Code §§ 201 and/or 202 by failing to pay Plaintiff and a substantial portion of the Class all the wages owed to them, because when Plaintiff and a substantial portion of the Class left their employment with Defendants, Defendants did not pay them the wages owed for meal/rest premiums, and unpaid time. This failure to pay wages owed was willful and, as such, Defendants are liable for penalties under § 203 of the Labor Code.

67. California Labor Code § 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

68. Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental. As a result, Plaintiff and the Class are entitled to 30 days' wages. "30 days' wages" is calculated pursuant to California case law as 30 working days and not merely a month's wages.

69. In calculating 30 days' wages pursuant to California Labor Code §203, Plaintiff and the Class are entitled to compensation for all forms of wages earned (even if not properly paid), including, but not limited to, compensation for unprovided meal periods.

70. More than 30 working days have passed since Plaintiff and many members of the Class have left Defendants' employment, and despite this, they have not received payment pursuant to Labor Code § 203. As a consequence of Defendants' willful conduct in not paying all wages, Plaintiff and the Class are entitled to 30 days' wages as a penalty under Labor Code §203.

71. Wherefore, Plaintiff and the Class seek the relief as described herein and below.

**FIFTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
(CAL. LAB. CODE §§ 226 & IWC ORDER)
PLAINTIFF AGAINST ALL DEFENDANTS

72. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

73. California Labor Code Section 226(a) states:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a

> record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

74. Defendants have failed to provide Plaintiff and, on information and belief, Class Members accurate itemized wage statements that include the gross wages earned, total hours worked, all deductions, net wages earned, pay period dates, name of employee, name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period, as mandated by Labor Code § 226 and applicable IWC Wage Order, because such statements understate wages by failing to include those wages owed for unprovided rest and meal periods and reimbursements of expenses.

75. Defendants have, in turn, violated California Labor Code § 226(a) by inaccurately stating gross and net wages and other issues as described above.

76. By knowingly and intentionally failing to provide Plaintiff and Class Members itemized wage statements in conformance with Labor Code § 226, Defendants have also violated Labor Code § 226.6, which is a misdemeanor punishable by fine and/or prison.

77. California Labor Code § 226.6 states:

> Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court. That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

78. Defendants have the ability to pay all wages due and have the ability to provide Plaintiff and the Class accurate wage statements mandated by Labor Code § 226. But Defendants have willfully refused to pay and accurately state wages, intending to secure instead a discount upon their indebtedness to Plaintiff and the Class, and intending to annoy, harass, oppress, hinder, delay, or defraud Plaintiff and the Class, in violation of California Labor Code § 226.6.

79. Defendants' violation of Labor Code § 226 also constitutes a predicate violation of California Business & Profession Code §§17200 *et seq*.

80. Wherefore, Plaintiff and the Class request relief as described herein and below.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF UNFAIR COMPETITION LAW**
(CAL. BUS. & PRO. CODE §§ 17200 *ET SEQ.*)
PLAINTIFF AGAINST ALL DEFENDANTS

81. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

82. On information and belief, and at all times relevant, Plaintiff alleges Defendants, by and through their policies and practices, engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 *et seq.*, including the following:

a. Requiring Class Members, including Plaintiff, to work at least five (5) hours without a timely, thirty (30) minute, uninterrupted meal period, and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the meal period was not provided, in violation of California law and policy;

b. Failure to provide ten minutes of consecutive uninterrupted rest time for every four hours worked and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the rest period was not provided, in violation of California law and policy;

c. Failure to pay minimum wages for all hours worked by forcing Plaintiff and the Class to work "off-the-clock";

d. Failure to provide Class Members, including Plaintiff, with accurate itemized wage statements in violation of California law and public policy;

e. Failure to pay Class Members all wages owed at the time of termination of employment in violation of California law and public policy;

f. Failure to pay to Class Members, including Plaintiff, all minimum wages owed, including those for meal periods and reimbursements, as detailed above upon separation from employment – whether voluntary or not – in violation of California law and policy; and

g. Failure to create or maintain accurate time-keeping records for Class Members, including Plaintiff, resulting in failure to accurately pay wages owed and provide accurate itemized wage statements, in violation of California law and public policy.

83. Defendants' actions as alleged herein constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code §§ 17200 *et seq*. Plaintiff and, on information and belief the Class, have suffered injury in fact and have lost money or property as a result of such unfair competition.

84. Plaintiff and the Class are entitled to an injunction and other equitable relief against such unlawful practices to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

85. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff and the Class. Defendants should be enjoined from this activity and made to disgorge the ill-gotten gains and restore to Plaintiff and Class Members the wrongfully withheld wages, pursuant to Business and Professions Code § 17203 and the penalties provision of § 17202.

86. Plaintiff is informed and believe, and thereon allege, Defendants have been and continue to be unjustly enriched through false, fraudulent, unlawful, unfair, and deceptive business practices as alleged throughout this Complaint. Plaintiff is further informed and believe,

and thereon allege, Plaintiff and Class Members are prejudiced by Defendants' unfair business practices.

87. As a direct and proximate result of Defendants' unfair business practices, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff and the Class as a result of the business acts and practices described herein, and enjoinment of Defendants to cease and desist from engaging in the practices described herein.

88. As a direct and proximate result of Defendants' unfair business practices, Plaintiff and all Class Members are entitled, in accordance with Business and Professions Code § 17202 entitled to enjoinment of Defendants to cease and desist from engaging in the practices described herein.

89. On information and belief, the unlawful conduct alleged herein is continuing, and there is no indication Defendants will cease such activity. Plaintiff alleges that, if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue their practice of failing to pay minimum wage and to provide meal/rest periods or compensation in lieu thereof.

90. Wherefore, Plaintiff and the Class request relief as described herein and below and as deemed just and proper by this Court.

**SEVENTH CLAIM FOR RELIEF**
LABOR CODE PRIVATE ATTORNEYS GENERAL ACT
(CAL. LAB. Code §§ 558, 2698 ET SEQ.)
PLAINTIFF AGAINST ALL DEFENDANTS

91. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

92. Plaintiff brings this claim for herself and other current and former employees, as expressly authorized by the California Private Attorneys General Act of 2004, Labor Code §§ 2699 *et seq*. ("PAGA"). PAGA is an enforcement action that empowers an aggrieved employee to seek penalties on behalf of themself, current and former employees and the State, without the need to certify a class. For purposes of this claim only, therefore, Plaintiff brings this

claim to enforce the rights of herself and other current and former employees and need not comply with Class Action Certification.

93. Plaintiff is an aggrieved employee as defined in Labor Code §2699(a). She brings this cause on behalf of herself and other current or former aggrieved employees affected by the labor law violations alleged in this Complaint.

94. The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been initiated by written notice by certified mail to Defendant and to the Labor and Workforce Development Agency, detailing the Labor Code and IWC Wage Order violations averred herein. More than 65 days have passed since Plaintiff sent notice.

95. Plaintiff seeks civil penalties as provided under applicable Labor Code sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a). To the extent that any violation alleged herein does not carry a penalty, Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for Plaintiff, other current or former employees, and the State for each pay period in which they were aggrieved, in the amounts established by Labor Code § 2699.

96. Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

97. Plaintiff seeks civil penalties due from all Defendants on behalf of herself, other aggrieved employees and the State, as provided by Labor Code § 2699(i), including but not limited to, penalties and unpaid wages due pursuant to Labor Code § 558 and § 1197.1 as a result of Defendants' violation of the provisions of the Labor Code and Wage Orders.

98. All Defendants are liable to Plaintiff and "other current or former employees and the state" for the civil penalties arising from the violations alleged in this Complaint. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

99. Most of the predicate act violations which serve as the basis for this PAGA claim (minimum wage violations and rest and meal period violations) relate to the non-payment of wages or violations of the IWC Wage Orders that were posted at the worksite.

100. Plaintiff is aggrieved by Defendants' labor and payroll practices that:

a. fail to compensate minimum and premium wages;

b. inaccurately keep records of actual hours worked and wages earned; and

c. fail to provide timely and/or complete meal breaks, or premium wages in lieu thereof.

101. Wherefore, Plaintiff requests relief as described herein and below and as deemed just and proper by this Court.

## PRAYER FOR RELIEF

1. Wherefore, Plaintiff prays for judgment for Plaintiff and the Class as follows:

a. That the Court determine this action may be maintained as a class action or actions;

b. For compensatory damages including wages in an amount according to proof with interest thereon;

c. For economic and/or special damages in an amount according to proof with interest thereon;

d. For a declaratory judgment that each of the Defendants violated Plaintiff's and Class Members' rights under the California Labor Code and applicable IWC Wage Orders as set forth in the preceding paragraphs;

e. That each of the Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code § 17200 *et seq*.;

f. That each of the Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

g. That each of the Defendants be enjoined from continuing the unlawful or unfair competition in violation of § 17200 as alleged herein;

h. For declaratory relief for Defendants' violation of the California Labor Code and California Business and Professions Code;

i. That Defendants be enjoined from further acts of restraint of trade or unfair competition;

j. For premium wages pursuant to Labor Code §§ 226 and 226.7;

k. For unpaid wages pursuant to California Labor Code § 1194 and liquidated damages pursuant to Labor Code § 1194.2;

l. For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§ 203, 210, 225.5, 226, 226.3, 226.7, 256, 512, 558, 1174.5, 1194, 1194.2, and 1197.1 relating to all facts alleged in this Complaint;

m. An award to Plaintiff and the Class Members of reasonable attorneys' fees, costs, and interest thereon pursuant to Code of Civil Procedure § 1021.5, Labor Code § 218.6, 226, and 1194, and/or other applicable law;

n. Injunctive relief;

o. Interest pursuant to California Labor Code § 218.6;

p. For all provisions of the Labor Code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

q. For all provisions of the Labor Code violated as described above for which a civil penalty is specifically provided, civil penalties for each aggrieved employee as specifically provided by statute.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of her claims and those of the Class by jury to the extent authorized by law.

Dated: November 7, 2025

**MALLISON & MARTINEZ**

By: /s/ Cody A. Bolce
Stan S. Mallison
Hector R. Martinez
Cody A. Bolce

Attorneys for Plaintiff and a Class of Similarly Situated Employees